NICHOLSON ET AL., APPELLANTS, *v.* VENDING MACHINE SERVICE EMPLOYEES ET AL., APPELLEES.

(No. 4292—Decided July 16, 1952.)

*Messrs. Weick & Mason,* for appellant.

*Messrs. Brouse, McDowell, May, Bierce & Wortman* and *Messrs. Helmkamp, Matz & Petersilge,* for appellee Vending Machine Service Employees.

STEVENS, J. In the Court of Common Pleas of Summit County, plaintiffs filed a petition against defendants, wherein they alleged:

"That they are the owners of the land, buildings and business located at 1307-1309 South Main Street, Akron, Ohio. That in said buildings they are and for a long time have been engaged in the business of conducting of [*sic*] a public restaurant and public bar, which is known as the 'New Crystal Restaurant and Bar.' "

That there was installed in their place of business a juke box, which was owned by Nick Haradakis.

That the defendants claimed to have some labor dispute with Haradakis, and threatened to and did picket plaintiffs' place of business, in an attempt to persuade plaintiffs to terminate their contract with Haradakis.

That said picketing constituted a secondary boycott, and plaintiffs were without adequate remedy at law.

Wherefore, they sought an injunction, restraining defendants from picketing plaintiffs' place of business, and for further relief.

The answer of defendants admitted plaintiffs' ownership of the restaurant and bar, and that Haradakis owned the juke box therein; and alleged that the Union had a labor dispute with Haradakis, because said juke box was not serviced by union members. That the banners acquainting the public with these facts contained statements of truth.

Upon hearing in the trial court, that court denied the injunction sought by plaintiffs, but materially limited the manner of defendant Union's picketing, and the number of pickets who might indulge therein.

Whereupon plaintiffs appealed to this court upon questions of law and fact on March 24, 1952.

By agreed statements of counsel, it now appears that on March 31, 1952, a contract was executed by plaintiffs below, wherein they agreed to sell said place of business, which contract was consummated, and possession delivered to the purchaser, prior to the hearing in this court.

A motion to dismiss the appeal because it has become moot has been filed by appellee Vending Machine Service Employees, Local Union No. 410-A.

Concededly, appellants have no present interest in the subject of this controversy—i. e., the restaurant and bar—and whether or not it is picketed is of no concern to them.

They urge, however, among other things, that there is the question of costs, which have been assessed against them, and that said question of costs furnishes a sufficient predicate for retention of the case, even though the other issues may have become moot.

That argument is not sound. *Miner* v. *Witt, City Clerk,* 82 Ohio St., 237.

We are unanimously of the opinion that the questions presented by this appeal have become moot because the appellants are no longer parties in interest; and this court is not called upon to determine moot questions.

*Motion sustained, and appeal dismissed.*

HUNSICKER, P. J., and DOYLE, J., concur.